In re: DARLA J. KELLY,            No. 7-15-10164 JA

    Debtor.

CARL FOX,

    Plaintiff,

v.            Adversary No. 15-1048 J

DARLA J. KELLY,

    Defendant.

## MEMORANDUM OPINION

Plaintiff Carl Fox and Defendant Darla J. Kelly are former spouses. Plaintiff seeks summary judgment on his claim that certain debts he asserts arose from the parties' dissolution of marriage proceedings in state court are non-dischargeable under 11 U.S.C. § 523(a)(5) and 11 U.S.C. § 523(a)(15)[1]. *See* Plaintiff's Motion for Summary Judgment ("Motion") - Docket No. 13, and Memorandum in Support of Plaintiff's Motion for Summary Judgment ("Brief") - Docket No. 14. Defendant opposes the Motion. *See* Response to Request to Judgment ("Response") - Docket No. 19. After consideration of the parties' submissions, and being otherwise sufficiently informed, the Court finds that the facts not subject to genuine dispute establish that the debts at issue in this adversary proceeding are non-dischargeable as a matter of law. The Court will, therefore, grant the Motion.

---

[1] All future statutory references in this Memorandum Opinion are to the Bankruptcy Code, Title 11 of the United States Code.

## SUMMARY JUDGMENT STANDARDS

The Court will grant summary judgment when the requesting party demonstrates that there is no genuine dispute as to a material fact and that the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a), made applicable to adversary proceedings by Fed.R.Bankr.P. 7056. "[A] party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and ... [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In considering a motion for summary judgment, the Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995) (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990)). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial" through affidavits or other supporting evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed .2d 202 (1986).

New Mexico Local Bankruptcy Rule 7056-1 requires the movant to number all material facts movant contends are not subject to genuine dispute, with references to the portions in the record upon which the movant relies to establish each material fact. *See* NM-LBR 7056-1 ("The facts shall be numbered and shall refer with particularity to the portions of the record relied upon."). Similarly, the party opposing a motion for summary judgment must number each material fact the party contends is in genuine dispute, with references to particular portions of the record upon which the party relies, and must identify which of the moving party's numbered facts the opposing party contends are disputed. *See* NM-LBR 7056-1(b). Unless the party

opposing summary judgment specifically controverts a material fact, all properly supported material facts identified in the motion for summary judgment are deemed admitted. *See* NM-LBR 7056-1(b) ("All facts in movant's statement of facts that are properly supported shall be deemed admitted unless respondent specifically controverts them."). Defendant is not represented by counsel. Her Response does not comply with the requirements of NM-LBR 7056-1(b) because it does not include a statement of numbered facts Defendant alleges are disputed, nor does the Response identify by number which of the Plaintiff's facts she contends are subject to genuine dispute. Instead, the Response attempts to respond to the Motion and Brief in narrative form. *See* Docket No. 19. The Response also attaches copies of various documents in support of Defendant's position. Despite Defendant's failure to comply with the requirements of NM-LBR 7056-1(b), the Court will consider the substance of Defendant's Response together with the documents attached to the Response to determine whether any material facts are subject to genuine dispute.

### FACTS NOT SUBJECT TO GENUINE DISPUTE[2]

1. Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 28, 2015. Brief, ¶ 2; Response, p.1.

2. Plaintiff and Defendant were divorced on November 22, 2004. Brief, ¶4; Response, p.1.

3. The parties' divorce decree, which dissolved the marriage between them, was entered in the Thirteenth Judicial District Court, County of Valencia, State of New Mexico (the

---

[2] Plaintiff requests the Court to deem as admitted Defendant's unanswered requests for admission served on Defendant on September 2, 2015. *See* Brief, ¶ 15. Pursuant to Fed.R.Civ.P. 36(a)(3), made applicable to adversary proceedings by Fed.R.Bankr.P. 7036, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection . . . " Fed.R.Civ.P. 36(a). Resolution of the Motion is not dependent upon deemed admissions. Defendant's Response together with the orders issued in the state court action are sufficient to establish the material undisputed facts necessary to resolve the Motion.

"State Court") in Case No. D-1314-DM2003-394 (the "State Court Action"). Brief, ¶ 4; Response p.1.

4. On February 26, 2014, the State Court entered an Order Regarding January 31, 2014 Hearing in the State Court Action (the "February 2014 Order"). *See* Brief, Exhibit 1 attached to Exhibit 1; Response, Exhibit A.

5. The February 2014 Order awarded a judgment against Plaintiff for "child support arrears." *See* February 2014 Order, ¶ 19.

6. On August 14, 2014, the State Court entered a Default Order in the State Court Action (the "August 2014 Order"). *See* Brief, Exhibit 2 attached to Exhibit 1; Response, Exhibit B-1.

7. The August 2014 Order entered a "consolidated judgment" in favor of Plaintiff and against Defendant for the following expenses: a) guardian ad litem fees; b) orthodontic work for the parties' child; c) expenses relating to a trip the parties' child took with the Travel Club; and d) Plaintiff's attorneys' fees and costs. *Id.*

## DISCUSSION

At issue is whether the debts arising from the February 2014 Order and the August 2014 Order are non-dischargeable under § 523(a)(5) or § 523(a)(15). In a Chapter 7 case, debts for "domestic support obligations" as well as debts owed to a former spouse that do not constitute domestic support obligations but that are otherwise "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or other order of a court of record" are non-dischargeable. *See* 11 U.S.C. § 523(a)(5) (domestic support obligations); 11 U.S.C. § 523(a)(15) (other debts arising from a divorce proceeding that are not domestic support obligations under subsection (5)). By enacting these sections, Congress has made a policy choice that favors the enforcement of obligations to former spouses arising from a

-4-

dissolution of marriage over the debtor's fresh start. *See Taylor v. Taylor (In re Taylor),* 737 F.3d 670, 675 (10th Cir. 2013) (Sections 523(a)(5) and 523(a)(15) "'reflect the congressional preference for the rights of spouses to alimony, maintenance or support over the rights of debtors to a 'fresh start' free of debts.'") (quoting *Gianakas v. Gianakas (In re Gianakas),* 917 F.2d 759, 761 (3d Cir. 1990) (remaining citations omitted)); *Sampson v. Sampson (In re Sampson),* 997 F.2d 717, 721 (10th Cir. 1993) (observing that § 523(a)(5) "departs from the general policy of absolution, or 'fresh start' in order to enforce an overriding public policy favoring the enforcement of familial obligations.") (citation and internal quotation marks omitted).[3] These two non-dischargeability subsections work in tandem to render nearly all debts owing to a former spouse arising out of a dissolution of marriage proceeding non-dischargeable in a Chapter 7 bankruptcy case.[4] Generally, either the debt constitutes a domestic support obligation and is, therefore, non-dischargeable under § 523(a)(5); or, the debt does not qualify as a domestic support obligation, but arises from a separation agreement or divorce decree, or arises as a result of a court order entered in connection with a divorce proceeding, and is consequently non-dischargeable under § 523(a)(15).[5] Plaintiff alleges that the debt arising from the February

---

[3] *See also Taylor v. Taylor (In re Taylor),* 455 B.R. 799, 808 (Bankr.D.N.M. 2011), *aff'd,* 478 B.R. 419 (10th Cir. BAP (2012), *aff'd,* 737 F.3d 670 (10th Cir. 2013) ("*Taylor I")* ("[T]he non-dischargeability protections afforded by 11 U.S.C. § 523(a)(5) and (a)(15) evidence Congress' determination to temper the policy of protecting and favoring the debtor's fresh start when the debt at issue arises in connection with a divorce.") (citing *In re Crosswhite,* 148 F.3d 879, 881-82 (7th Cir. 1998)).

[4] *Cf. Taylor v. Taylor (In re Taylor),* 478 B.R. 419, 428-29 (10th Cir. BAP 2012), *aff'd,* 737 F.3d 670 (10th Cir. 2013) ("*Taylor II")* ("'Essentially, the combination of amended § 523(a)(5) and (15) [ ] exclude from discharge all marital and domestic relations obligations, whether support in nature, property division, or hold-harmless, provided that they were incurred in the course of a divorce or separation, or established in connection with a separation agreement, divorce decree, or other order of a court of record or a determination made in accordance with state or territorial law by a governmental unit.'") (quoting Hon. William Houston Brown & Lawrence R. Ahern III, 2005 *Bankruptcy Reform Legislation with Analysis 2d* § 7:42 (2006)).

[5] *See Taylor,* 737 F.3d at 683 n. 3 (acknowledging the practical result of determining that a debt is nondischargeable under § 523(a)(15) is that it is unnecessary to determine whether the debt is non-dischargeable under § 523(a)(5) because "the debt will be non-dischargeable either way" but nevertheless analyzing whether a debt is a "domestic support obligation" because the plain language of § 523(a)(15) requires that the debt "not be a 'domestic support obligation'") *Yelverton v. De Nagy-Unyom (In re Yelverton),* 2012 WL 4434087, *7 (Bankr.D.D.C. Sept. 24, 2012) (noting that "[i]n chapter 7, both categories of debt are, without exception, nondischargeable, making it generally unnecessary to distinguish between the two.") (citation omitted).

2014 Order is non-dischargeable under 11 U.S.C. § 523(a)(5) and the debt arising from the August 2014 Order is non-dischargeable under § 523(a)(15). The Plaintiff bears the burden of proving that a debt is non-dischargeable, whether under § 523(a)(5) or § 523(a)(15), by a preponderance of the evidence.[6] The Court will address each debt in turn.

<u>The February 2014 Order</u>

Section § 523(a)(5) makes debts for domestic support obligations non-dischargeable. 11 U.S.C. § 523(a)(5). The Bankruptcy Code defines "domestic support obligation" as a debt "owed to a spouse, former spouse, or child of the debtor . . . in the nature of alimony, maintenance or support . . . of such spouse, former spouse or child of the debtor . . . without regard to whether such debt is expressly so designated . . . . by reason of applicable provisions of . . . an order of a court of record." 11 U.S.C. § 101(14A).[7] Whether a debt constitutes a

---

[6] *See Grogan v. Garner,* 498 U.S. 279, 286-87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (establishing preponderance of the evidence standard for non-dischargeability determinations); *Sampson,* 997 F.2d at 723 ("The party seeking to hold the debt non-dischargeable [under § 523(a)(5)] bears the burden of proving by a preponderance of the evidence that the parties intended the obligation as support and that the obligation was, in substance, support.") (citation omitted); *In re Okrepka,* 533 B.R. 327, 334 (Bankr.D.Kan. 2015) ("The burden of proof regarding dischargeability actions [under §523(a)(15)] is by a preponderance of the evidence and rests with the objecting nondebtor spouse, former spouse, or child.") (citing *Grogan v. Garner,* 498 U.S. at 286-87).

[7] Section 101(14A) provides in full:
    The term 'domestic support obligation' means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
- (A) owed to or recoverable by—
  - (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian or responsible relative; or
  - (ii) a governmental unit;
- (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
- (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
  - (i) a separation agreement, divorce decree, or property settlement agreement;
  - (ii) an order of a court of record; or
  - (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
- (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

"domestic support obligation" and is, consequently, "non-dischargeable under § 523(a)(5) is a dual inquiry into both the parties'[ ] intent and the substance of the obligation." *Sampson,* 997 F.2d at 723.[8] The label the parties used to describe the obligation is not determinative. *See Taylor,* 737 F.3d at 676– 77 ("The nature of the obligation is not restricted to the parties' label . . .") (citations omitted).

The facts not subject to genuine dispute establish that the debt created by the February 2014 Order is non-dischargeable under § 523(a)(5) as a domestic support obligation. The February 2014 Order was entered in the State Court Action and created a debt owed to Plaintiff by his former spouse. It awarded Plaintiff judgment for "child support arrears." *See* February 2014 Order. Defendant acknowledges that the debt represented by the February 2014 Order is "back child support owed to minor child Carleigh Mary-Jett Fox," but argues that such debt "will be caught up with the court[']s direction to mediate a payment schedule." *See* Response, p. 2. Defendant's acknowledgement contained in her Response, together with the language of the February 2014 Order, sufficiently establish the parties' mutual intent for the obligation to be in the nature of support for their minor child, and that the obligation is, in fact, in the nature of support. The Court, therefore concludes that the debt arising from the February 2014 Order is non-dischargeable under § 523(a)(5) as a domestic support obligation.

The August 2014 Order

It is not entirely clear whether the debts arising under the August 2014 Order are domestic support obligations that are non-dischargeable under § 523(a)(5) or debts arising in

---

[8] Congress modified the language in 11 U.S.C. 523(a)(5) with the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") to apply to "domestic support obligations" as defined in 11 U.S.C. § 101(14A). But because this change did not change the standard for determining whether an obligation is in the nature of support, it is appropriate to apply the same test for determining non-dischargeability under 11 U.S.C. § 523(a)(5) established by the Tenth Circuit before the enactment of BAPCPA. *See Taylor I,* 455 B.R. at 804 (stating that BAPCPA did not change the standard under § 523(a)(5), and finding it appropriate to continue application of the pre-BAPCPA test to determine whether a debt is in the nature of support) (citations omitted).

-7-

Case 15-01048-j    Doc 22    Filed 04/01/16    Entered 04/01/16 15:02:35 Page 7 of 11

connection with a divorce decree other than domestic support obligations that are non-dischargeable under § 523(a)(15), or whether some of the debts fall in each category. It is clear, however, that all of the debts arising under the August 2014 Order fall into one of those two categories. Because the debts are non-dischargeable regardless of whether they fall under § 523(a)(5) or § 523(a)(15), the Court need not decide which section applies to each debt.

As discussed above, child support obligations are domestic support obligations that are non-dischargeable under § 523(a)(5). Non-dischargeability under § 523(a)(15) requires proof of the existence of a debt that is: 1) owed to a spouse, former spouse, or child of the debtor; 2) incurred in connection with a separation agreement, divorce decree, or other order of a court; and 3) not of a kind found in § 523(a)(5). 11 U.S.C. § 523(a)(15). This exception to discharge expands the range of marital obligations beyond those covered by § 523(a)(5), and is construed more liberally than other exceptions to discharge found in § 523(a). *Taylor II,* 478 B.R. at 431 n. 26.

The facts not subject to genuine dispute are sufficient to establish that the debt represented by the August 2014 Order is non-dischargeable under either § 523(a)(5) or § 523(a)(15). The August 2014 Order granted judgment in favor of Plaintiff creating a debt owing to Defendant's former spouse. The August 2014 Order was entered by the State Court in the same State Court Action as the divorce decree. It was entered in the State Court Action as part of the parties' dissolution of marriage proceeding and creates obligations connected to the divorce decree. That the parties' divorce decree was entered nearly ten years earlier, in November of 2004, makes no difference.

The "consolidated judgment" embodied in the August 2014 Order covers several different expenses, including guardian ad litem fees, the child's orthodontic work for Plaintiff's

-8-

and Defendant's child, a trip the child took, and Plaintiff's attorneys' fees and costs. All or some of Defendant's obligations to pay these expenses may constitute obligations for child support of a type non-dischargeable under § 523(a)(5). To the extent the obligations do not constitute non-dischargeable domestic support obligations under § 523(a)(5), they are non-dischargeable debts under § 523(a)(15) as debts connected to the divorce decree.

<u>Amounts Owing Under the February 2014 Order and August 2014 Order</u>

Defendant acknowledges her responsibility to pay the debt arising from the February 2014 Order, but requests a mediated payment schedule. She also complains that the amounts the State Court assessed in the February 2014 Order and the August 2014 Order were based on inaccurate information and that she cannot pay the amounts due. Defendant attached documentation to her Response that may evidence payment of some of the expenses awarded to Plaintiff under the August 2014 Order. *See* Response – Exhibit C. A debtor's ability to pay is not relevant to the determination of non-dischargeability under § 523(a)(5) or § 523(a)(15). *See, Taylor I,* 455 B.R. at 808 (observing that "'all debts owed to a former spouse, or child of a debtor are nondischargeable [in a chapter 7 case] if incurred in the course of a divorce proceeding, notwithstanding the debtor's ability to pay the debt or the relative benefits and detriments to the parties.'") (quoting *Tarone v. Tarone (In re Tarone),* 434 B.R. 41, 48 (Bankr.E.D.N.Y. 2010)). However, because Defendant has provided some evidence that some portion the amounts awarded to Plaintiff in the August 2014 Order may have been paid since its entry, and the State Court may have authority to modify its child support award, the Court declines to quantify the amount of the non-dischargeable debt. It is sufficient to conclude based on the facts not subject to genuine dispute that the debts arising from the February 2014 Order and August 2014 Order

are non-dischargeable under § 523(a)(5) or § 523(a)(15) in whatever amount the State Court may determine is owed.

Enforcement of a non-dischargeable judgment, including the determination of the total amount of the non-dischargeable debt, can be accomplished in the State Court Action. *Cf. Robbins v. Breckenridge (In re Robbins),* 1997 WL 34726864, *11 (Bankr.W.D.Tenn. Aug. 13, 1997) (directing the parties to return to state court for a determination of monetary judgments, enforcement issues, or to seek modification of the support obligations following the bankruptcy court's non-dischargeability determination under § 523(a)(5) or § 523(a)(15)). After this Court's non-dischargeability determination, the State Court can quantify (and modify, if appropriate) the amount of the non-dischargeable debt as part of the parties' ongoing State Court Action. *See Brennick v. Brennick (In re Brennick),* 208 B.R. 613, 615 (Bankr.D.N.H. 1997) ("The state divorce court can revisit and modify the obligations that have been determined by this Court to be nondischargeable . . .").

## CONCLUSION

Based on the foregoing, the Court concludes that the debts arising from the February 2014 Order and the August 2014 Order cannot be discharged through Defendant's Chapter 7 bankruptcy case. The debt arising from the February 2014 Order is a non-dischargeable domestic support obligation. The debts arising from the August 2014 Order are non-dischargeable either under § 523(a)(5) as domestic support obligations, or under § 523(a)(15) as debts other than domestic support obligations connected to the divorce decree. The Motion is granted to the extent it seeks a non-dischargeability determination for the debts arising from the February 2014 Order and the August 2014 Order and is denied with respect to Plaintiff's request

for a quantified amount of the non-dischargeable debt. The Court will enter a separate judgment consistent with this Memorandum Opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: April 1, 2016

COPY TO:

Katharine C Downey
Sutin Thayer & Browne, A.P.C.
Attorney for Plaintiff
PO Box 1945
Albuquerque, NM 87103-1945

Darla J Kelly
Defendant
10 Jardin
Los Lunas, NM 87031

Darla J. Kelly
Defendant
PO Box 253
Tome, NM 87060